People v. Williams,

            Docket No. 82333--Agenda 12--September 1997.

         THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.

                   ADRIAN K. WILLIAMS, Appellant.

                  Opinion filed December 18, 1997.

                                   

          JUSTICE HEIPLE delivered the opinion of the court:

          Defendant, Adrian K. Williams, was charged with burglary and retail theft.

     720 ILCS 5/19--1, 16A--3(a) (West 1994). Defendant subsequently entered into

     a plea agreement with the State. Pursuant to the agreement, defendant pled guilty

     to retail theft, in exchange for which the State dropped the burglary charge and

     recommended a sentencing cap of seven years' imprisonment. The circuit court

     of Tazewell County accepted defendant's written plea. The circuit court then

     sentenced defendant to three years in prison, followed by 40 months' probation.

     Defendant filed a timely motion to reconsider sentence, asserting that the 40-

     month probation term exceeded the statutory maximum. Defendant also challenged

     the imposition of consecutive sentences of prison and probation for a single

     offense. After a hearing on the motion, the circuit court reduced defendant's

     probation to 30 months, but rejected defendant's argument that the imposition of

     consecutive sentences of prison and probation for a single offense was improper.

          Defendant appealed, challenging the mixed sentence. The appellate court

     affirmed the circuit court, holding that such sentence is authorized under the

     sentencing provisions of the Unified Code of Corrections (the Code) (730 ILCS

     5/5--1--1 et seq. (West 1994)), and People v. Wendt, 163 Ill. 2d 346 (1994). 284

     Ill. App. 3d 681. This court allowed defendant's petition for leave to appeal

     pursuant to Supreme Court Rule 315 (166 Ill. 2d R. 315). We now reverse the

     appellate and circuit courts.

     

     ANALYSIS

                                   Initially, the State raises a procedural issue, arguing that defendant was

     required to withdraw his guilty plea before he could challenge the sentence he

     received pursuant to the plea agreement. As the defendant failed to move to

     withdraw his guilty plea, the State contends that he should be barred from

     protesting his sentence now. In People v. Evans, 174 Ill. 2d 320 (1996), we held

     that a defendant who pleads guilty in exchange for a specific sentence must move

     to withdraw his guilty plea before challenging his sentence. In Evans, however,

     the sentences were within statutory limits and the defendants only asserted that

     their sentences were excessive. In the instant case, the defendant does not contend

     that his sentence was excessive; rather, he argues that the court imposed a

     sentence which, under the statute, it had no authority to impose. Thus, Evans is

     inapplicable and cannot bar defendant's claim that his sentence was void because

     it does not conform with the statute. People v. Arna, 168 Ill. 2d 107, 113 (1995).

          Turning to the merits, the issue before the court is whether a defendant

     may be sentenced to both prison and probation for a single offense. The State

     argues that such a combination is authorized under the Code and Wendt. In Wendt,

     the trial court imposed sentence on four separate offenses. The sentences consisted

     of three concurrent prison terms and one consecutive term of probation. In

     affirming the sentences, this court discussed section 5--5--3 of the Code, which

     sets forth allowable sentencing dispositions as follows:

                    "(b) The following options shall be appropriate dispositions,

                    alone or in combination, for all felonies and misdemeanors other

                    than those identified in subsection (c) of this Section:

                         (1) A period of probation.

                                             * * *

                         (4) A term of imprisonment." 730 ILCS 5/5--5--

                         3(b)(1), (b)(4) (West 1994).

          In Wendt, we held that section 5--5--3 specifically authorizes the

     imposition of a sentence of probation in combination with a term of imprisonment.

     Wendt, 163 Ill. 2d at 354. We also noted that section 5--6--2 of the Code, which

     requires multiple periods of probation to run concurrently, gave the legislature the

     opportunity to prohibit the imposition of a sentence of probation consecutive to

     a sentence of imprisonment. We held that the fact that the legislature did not

     prohibit such a combination indicates that it is allowed. Wendt, 163 Ill. 2d at 353-

     54; 730 ILCS 5/5--6--2 (West 1994). This court further found that no part of the

     Code specifically prohibits a sentence of probation to be served consecutively to

     a sentence of imprisonment. We concluded that section 5--5--3 of the Code,

     construed in light of section 5--6--2, authorizes the imposition of a sentence of

     probation consecutive to a sentence to imprisonment. Wendt, 163 Ill. 2d at 354.

     The State urges this court to affirm the appellate court, which held that Wendt

     must be read to allow the imposition of a sentence of probation consecutive to a

     sentence of imprisonment for a single offense.

          Defendant counters, however, that the trial court exceeded its authority

     when it sentenced him to a mixed sentence of prison and probation for a single

     conviction. He urges the court to adopt the reasoning of People v. Patterson, 276

     Ill. App. 3d 107 (1995). In Patterson, the defendant was convicted of one count

     of forgery and was sentenced to two years in prison and a consecutive 30-month

     term of probation. Patterson distinguished Wendt, noting that although Wendt

     approved consecutive sentences of prison and probation, each sentence in Wendt

     was supported by a separate conviction. Patterson held that, although no section

     of the Code specifically prohibits a sentence for a single offense that includes both

     imprisonment and probation, section 5--8--4 of the Code, which allows

     consecutive sentences of imprisonment under certain circumstances, "[b]y its

     simple plural terms," requires convictions for multiple offenses if consecutive

     sentences are to be imposed. Patterson, 276 Ill. App. 3d at 110; 730 ILCS 5/5--8--

     4 (West 1994).

          We agree with defendant. There is no specific provision in the Code that

     either allows or disallows a sentence of probation imposed to be served

     consecutively to a sentence of imprisonment. In Wendt, we held that such a

     disposition is permissible where each sentence is supported by a separate offense.

     The instant case, however, differs from Wendt. Here there is only one offense. We

     hold that for a single offense, a sentence of probation may not be imposed

     consecutive to a period of incarceration. While the Code provides no explicit

     guidance in this decision, the fact that the defendant is being sentenced for only

     one offense makes any other conclusion illogical. Imposing consecutive sentences

     for a single conviction constitutes two consecutive punishments for one offense.

     Where there is no clear indication of a legislative intent to increase a punishment,

     the ambiguity must be construed in favor of the defendant. Fitzsimmons v. Norgle,

     104 Ill. 2d 369, 374 (1984) (commenting on a statute that provided for the

     enhancement of a penalty); People v. Hobbs, 86 Ill. 2d 242, 246 (1981) ("any

     ambiguity in a criminal statute should be construed in favor of lenity"). Here, to

     sanction sentences of both prison and probation for one crime, without definite

     authorization in the Code, would impermissibly increase the penalty for that

     offense. Patterson, 276 Ill. App. 3d at 110; see also Wendt, 163 Ill. 2d at 355

     (noting that in that case "[t]he sentence of probation was for a separate offense

     and did not increase the penalty for any of the charges").

          Furthermore, the inconsistent character of the two sentences makes it

     incongruous to assign both as punishments for the same offense. Probation is a

     substitute for imprisonment that gives offenders an opportunity for reformation

     while allowing them to retain their freedom. People ex rel. Barrett v. Bardens,

     394 Ill. 511, 516-17 (1946). A prison sentence, however, is imposed upon those

     whose crime and past behavior necessitate removal from society. This is illustrated

     by section 5--6--1(a) of the Code, which directs a court to impose a sentence of

     probation unless it is convinced that imprisonment is necessary for the protection

     of the public or that probation would depreciate the seriousness of the offense. 730

     ILCS 5/5--6--1(a) (West 1994). In other words, a defendant may be sentenced to

     probation provided the court is satisfied that such sentence will reform the

     defendant and serve the interests of society. A defendant guilty of a single offense

     cannot fulfill the criteria necessitating prison time, yet simultaneously qualify for

     probation under the Code. The nature of the offense and the history of the

     offender either justify prison time or warrant probation. Both punishments cannot

     be used.

          In that we have decided that the mixed sentence imposed by the trial court

     was improper, we need not address defendant's alternative argument that such

     sentence could not be imposed because he was not admonished as to the

     possibility of such a sentence at the time of his guilty plea.

          A sentence not authorized by statute is void. Arna, 168 Ill. 2d at 113. In

     the instant case, neither the sentence of probation nor the sentence of

     imprisonment by itself was impermissible; rather, it was the joint imposition of

     the two consecutive sentences for a single offense that exceeded statutory

     restrictions. We therefore hold the entire sentence void. The judgment of the

     appellate court is reversed, the sentence entered by the circuit court is vacated, and

     the cause remanded to the circuit court for resentencing.

     

     Appellate court judgment reversed;

                                              sentence vacated;

                                cause remanded with directions.

                                                               

                                                                      JUSTICE NICKELS, specially concurring:

          I agree with the majority's conclusion that the Unified Code of Corrections

     does not authorize consecutive sentences of imprisonment and probation for a

     single conviction. However, I do not agree with the manner in which the majority

     reaches the merits of defendant's sentencing challenge.

          The State argues that defendant waived the right to challenge his sentence

     by failing to move to withdraw his guilty plea in the trial court. See People v.

     Evans, 174 Ill. 2d 320 (1996). The majority determines that defendant cannot

     waive this claim because his sentence is contrary to the sentencing provisions of

     the Unified Code of Corrections and is therefore "void." In support of the finding

     that defendant's sentence is void, the majority cites to People v. Arna, 168 Ill. 2d

     107 (1995). I dissented in Arna and I continue to believe that case was wrongly

     decided. See People v. Arna, 168 Ill. 2d at 115 (Nickels, J., dissenting); see also

     People v. Garcia, Nos. 81246, 81248, 81274, slip op. at 20 (October 23, 1997)

     (Nickels, J., dissenting, joined by Harrison and McMorrow, JJ.).

          This case is distinguishable from Arna. In Arna, the trial court imposed

     concurrent sentences on the defendant pursuant to section 5--8--4(a) of the Unified

     Code (730 ILCS 5/5--8--4(a) (West 1992)). The trial court therefore possessed the

     statutory authority to impose concurrent sentences if it found that the offenses

     were not committed as part of a single course of conduct or that there was a

     substantial change in criminal objective. On appeal, this court in Arna came to a

     different factual conclusion in order to determine that the concurrent sentences

     were contrary to the statute and therefore "void." In this way, the majority was

     able to sidestep our rules which provide that the State may not appeal sentencing

     issues (145 Ill. 2d R. 604(a)) and that a defendant may not have his sentence

     increased on appeal (134 Ill. 2d R. 615(b)). In contrast, the trial court in the

     instant case had no statutory authority to impose consecutive sentences of

     imprisonment and probation for one offense. Moreover, there are no rules that

     prohibit a defendant from appealing sentencing issues or having a sentence

     reduced on appeal.

          Putting aside the propriety of Arna, I agree with the majority's decision to

     address this case on the merits. This court has held that the traditional waiver

     analysis does not apply to a defendant's challenge of a court's statutory authority

     to impose a particular sentence. See People v. Singleton, 103 Ill. 2d 339, 346

     (1984). A sentence imposed without statutory authority is plain error. I therefore

     concur in the judgment reversing defendant's sentence.

     

          JUSTICE McMORROW joins in this special concurrence.